IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2017 JUL 12  P 12: 24

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DARLENE PETTIS MANAGAN, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:17-cv-460 |
| ) | |
| CARVER ANDREA WHITE; ) | |
| OPULENT LOGISTICS, LLC; ) | |
| And FICTITIOUS DEFENDANTS ) | |
| A-L, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

**COME NOW** Defendants Carver Andrea White and Opulent Logistics, LLC and give notice, with full reservation of all defenses, that this cause is hereby removed from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for Defendants' Notice of Removal, Defendants show the following:

1. This lawsuit is a civil action within the meaning of the Acts of Congress related to the removal of cases. See 28 U.S.C. §§ 1441(b), 1446(b). This action arises out of a collision between a commercial vehicle and an automobile in Alabama.

2. On June 8, 2017, Plaintiff filed this civil action, number CV-2017-900887 in the Circuit Court of Montgomery County, Alabama against Carver Andrea White ("White"), Opulent Logistics, LLC ("Opulent") and Fictitious Defendants A-L. A true and correct copy of the Summons and Complaint, set out as "Exhibit A" is attached hereto, as well as copies of all other process, pleadings and orders filed in the case. White and Opulent were served with the Summons and Complaint on June 13, 2017. With respect to whether the original complaint as filed in the Circuit Court of Montgomery County, Alabama contains a jury demand there is a conflict. The state cover sheet which is included within Exhibit "A' hereto is marked that no jury is demanded. The Complaint in the last paragraph on the last page contains this language: ". . . in a sum of punitive and compensatory damages which a jury would feel is just and fair together with the costs of his [sic] action." There is no separate statement specifically demanding a jury. The state court filing fee was paid by the Plaintiff's attorney when the case was filed, but the fee required for a jury demand was not included. For these reasons on the Federal Civil Cover Sheet filed with this Notice of Removal indicates that as of the date of this filing no jury has been demanded.

3. The Complaint on its face did not provide a determinable amount of damages. However, on May 31, 2017, Plaintiff sent a settlement demand letter requesting a specific amount significantly in excess of $75,000.00, exclusive of

interest and costs to resolve the case. The settlement demand contains additional information concerning settlement. The document itself is readily available but is not attached as an exhibit to this Notice in order not to make public the information it contains. Should the Plaintiff dispute the assertion as to the amount in controversy or if the Court finds it necessary to review the settlement demand letter, Defendants will file a Motion to Submit Under Seal and file the settlement demand letter under seal or furnish it to the Court *in camera*.

4. As more fully set out below, this case is properly and timely removed to this Court under 28 U.S.C. § 1441 because this Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) as complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## I. REMOVAL IS TIMELY

5. Defendants' Notice of Removal is timely as it is being filed within 30 days after the receipt of the Summons and Complaint setting forth a removable claim. See 28 U.S.C. § 1446(b)(1).

6. Defendants received the Summons and Complaint on June 13, 2017 and therefore this Notice of Removal is filed within the 30 day time frame set forth in 28 U.S.C. § 1446(b).

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PLAINTIFF AND NAMED DEFENDANTS

7. Plaintiff Darlene Pettis Managan is a resident of Montgomery County, Alabama. Although Plaintiff did not affirmatively state her residence in Alabama in the body of the Complaint, she is listed as an Alabama resident on the Alabama Uniform Traffic Crash Report driving a vehicle registered in the state of Alabama. Her address on the Alabama Uniform Crash Report is shown as 607 Planters Road, Montgomery, Alabama 36109.

8. The Complaint states Defendant Carver Andrea White is a resident of Mississippi. White admits he is a resident of Mississippi.

9. Opulent Logistics, LLC is a Mississippi Limited Liability Company and its sole member is Carver Andrea White. An LLC's citizenship for diversity jurisdiction purposes is determined by the citizenship of its members. *Porter v. Crumpton & Associates, LLC*, 862 F.Supp.2d 1303, 1308 (M.D. Ala. 2012). Carver Andrea White is a Mississippi citizen. Oppulent Logistics, LLC is a citizen of Mississippi for diversity purposes.

10. Plaintiff's Complaint refers to a number of fictitious Defendants. The fictitious Defendants' citizenships are ignored for removal purposes. 28 U.S.C. § 1441(a).

11. Therefore, based on Plaintiff's Alabama citizenship and Defendants' Mississippi citizenship, complete diversity of citizenship exists between the parties for purposes of 28 U.S.C. § 1332(a).

### III. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

12. The amount-in-controversy requirement for diversity jurisdiction has been met through the settlement demand made by Plaintiff prior to filing the Complaint being removed.

13. When removing an action, Defendants have the burden of proof to show the amount-in-controversy has been satisfied by a preponderance of the evidence including in instances where the amount on the face of a complaint is unspecified. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (abrogated on other grounds).

14. The Court must consider any "document received by the defendant from the plaintiff – be it the initial complaint or a later received paper – and determine whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007). A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. *Id.* (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002) (holding the defendant

effectively amended its insufficient notice of removal by later alleging, in its opposition to remand, that the plaintiff had offered settlement for an amount greater than the jurisdictional minimum)).

15. Plaintiff provided a detailed settlement demand letter to representatives for the Defendants demanding her case be settled for over $75,000.00, exclusive of interest and costs on May 31, 2017. The settlement letter itemizes medical expenses in the amount of $30,354.74. The Plaintiff's complaint also makes claims for damages in addition to the medical expenses for past and future pain, suffering, mental anguish, future medical expenses, and future lost wages. The complaint also claims punitive damages. In order to protect from general publication the entire contents of the settlement letter, it has not been attached as an exhibit to this Notice of Removal. The settlement letter is readily available and should the Plaintiff contest the assertion concerning the amount in controversy or if the Court desires to review the settlement letter, Defendants will file a Motion to Submit Under Seal and file the settlement demand letter under seal or alternatively furnish it to the Court *in camera.*

16. The affirmative proof of the value of the claims made in the case by the confidential settlement letter is aggregated to both White and Opulent in this case. Plaintiff's Complaint alleges a negligence and wantonness against both White and Opulent in Count II of the Complaint.

17.     Federal Courts accept the principle that joint and several liability allows the amount-in-controversy to be aggregated as to jointly and severally liable defendants. "Claims against two or more defendants can be aggregated for the purpose of attaining the jurisdictional amount. . . [only] if [the defendants] are jointly liable to the plaintiff." *Hayfield v. Home Depot U.S.A., Inc.*, 168 F.Supp.2d 436, 448 (E.D. Penn 2001) (quoting *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961)).

18.     Federal Courts with diversity jurisdiction over a matter apply the law of the State in substantive matters. *Erie Railroad v. Tompkins*, 304 U.S. 64, 78 (1938). Joint and several liability is analyzed by Federal Courts as a substantive issue under the *Erie* doctrine and state law applies. *Hayfield,* 168 F.Supp.2d at 451. In Alabama, alleged joint tortfeasors may be jointly and severally liable for the entire amount of any alleged damage incurred. *See Buchanan v. Collier,* 55 So. 2d 134, 136 (Ala. 1989). Without waiving any defenses to this civil action, Defendants submit that Plaintiff alleges joint and several liability against White and Opulent as to negligence and wantonness. Therefore, the amount of the claims against them as put forth in Plaintiff's settlement demand of over $75,000.00 are aggregated. Plaintiff claims an amount over $75,000 against both White and Opulent.

19.     The amount-in-controversy requirement is met for diversity jurisdiction.

### IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

20. A written Notice of Filing of Notice of Removal, together with a copy of this Notice, will be filed with the Clerk of Court of the Circuit Court of Montgomery County, Alabama and will be served upon the Plaintiff, as required by 28 U.S.C. § 1446(d).

21. The sole named Defendants Carver Andrea White and Opulent Logistics, LLC have filed this Removal.

22. No previous application has been made for relief requested herein, and this Notice of Removal has been served on all named parties in the removed case.

23. If any question as to the propriety of the removal of this action arises, Carver Andrea White and Opulent Logistics, LLC request the opportunity to present a brief and oral argument in support of its position that this case is removable.

### V. CONCLUSION

WHEREFORE, Defendants Carver Andrea White and Opulent Logistics, LLC, desiring to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the District and the Division of said Court for the County in which said action is pending, pray that the filing of this Notice of Removal with this Court and the filing of the Notice of Filing of Notice of

Removal with the clerk of the Circuit Court of Montgomery County, Alabama shall effect the removal of said suit to this Court.

Respectfully submitted,

_____
Robert E. Cooper
Alabama Bar No. ASB-8236-c60r
Attorney for Carver Andrea White
and Opulent Logistics, LLC

**OF COUNSEL:**
**STOCKHAM, COOPER & POTTS, P.C.**
1111 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Telephone:  (205) 776-9000
Email:      rcooper@scplaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2017, I filed this Notice of Removal in person with the Clerk of the United States District Court for the Middle District of Alabama and that a copy of said stamped filing will be served upon the following by U.S. Mail and also by contemporaneously sending a copy by e-mail:

Darren W. Kies
Attorney for Plaintiff
FLOYD, HUNTER, KIES & WHITE, P.C.
4761 Main Street
Millbrook, Alabama 36054
Email:      dkies@floydhunter.com

_____
Robert E. Cooper
Of Counsel