ELECTRONICALLY FILED
6/8/2017 3:08 PM
03-CV-2017-900887.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| DARLENE PETTIS MANAGAN, § § Plaintiff, § § v. § § CARVER ANDREA WHITE and § OPULENT LOGISTICS LLC.; et al § Defendants "A", "B" and "F" the owner, § operator and employer respectively, of the § vehicle being operated by Defendant, WHITE, § or by Defendant "B" upon the occasion made § the basis of this suit; Defendant "C", the § person, firm or corporation responsible for the § maintenance of the vehicle which was being § operated by Defendant, WHITE, or Defendant § "B" upon the occasion made the basis of this § suit; Defendant "D", the person, firm, or § corporation responsible for the inspection of § the vehicle which was being operated by § Defendant, WHITE, or by Defendant "B" § upon the occasion made the basis of this suit; § Defendant "E", the person, firm, or corporation § responsible for the state of repairs of the § vehicle being operated by Defendant, WHITE, § or by Defendant "B", on the occasion made the § basis of this suit; Defendant OPULENT § LOGISTICS, LLC. and/ or "F", the employer § of WHITE or Defendant "B", on the occasion § made the basis of this suit; Defendant "G", the § Fictitious Defendant who was responsible for § the supervision for Defendant, WHITE, or § Defendant "B" on the occasion made the basis § of this suit; Defendant "H", the Fictitious § Defendant who was responsible for the hiring § of Defendant, WHITE, or Defendant "B" prior § to the occasion made the basis of this suit; § Defendant "I", the Fictitious Defendant who § was responsible for the Training of Defendant, § WHITE. Defendant "B" prior to the accident § on the occasion made the basis of this suit; § Defendant "J", the Fictitious Defendant who § negligently and/or wantonly entrusted the § vehicle owned by Defendant "A" and/or § OPULENT LOGISTICS, LLC., or other § Fictitious Defendants at time of the accident on § § | **CIVIL ACTION NO.:** **CV-2017-** |

the occasion made the basis of this suit; §
Defendant "K", the Fictitious Defendant who §
negligently and/or wantonly retained §
Defendant, **WHITE,** and/or Defendant "B" as §
an employee and/or other Fictitious Defendants §
at the time of the accident on the occasion §
made the basis of this suit; Defendant **WHITE,** §
Defendant **OPULENT LOGISTICS, LLC.,** §
and/ or Defendant "L" the fictitious Defendant §
who negligently and/or wantonly violated §
various federal motor carrier safety regulation §
as well as DOT regulations; and all of those §
whose true names are otherwise unknown to §
the Plaintiff at the time but, will be added by §
Amendment when ascertained, §
§
Defendants. §

## COMPLAINT

COMES NOW, the Plaintiff, **DARLENE PETTIS MANAGAN**, and names as Defendants, **CARVER ANDREA WHITE and OPULENT LOGISTICS, LLC.** "A", "B", "C", "D", "E", "F", "G", "H", "I", "J", "K" **and "L"** and sets forth a cause of action for personal injuries caused by Defendant's, **CARVER ANDREA WHITE**, operation of a tractor trailer.

## COUNT I

1. Defendant, **CARVER ANDREA WHITE,** hereafter referred to as Defendant **WHITE** is a resident of the State of Mississippi, residing at 214 Murdock Road, Holly Springs, Mississippi 38635.

2. Defendant, **OPULENT LOGISTICS, LLC,** hereafter referred to as Defendant **OPULENT LOGISTICS, LLC,** is a foreign company operating in the State of Mississippi at 214 Murdock Road, Holly Springs, Mississippi 38635.

3. Defendants **WHITE and OPULENT LOGISTICS LLC,** "A", "B" and "F" are the

owners, operators and employers and/or the fictitious Defendants respectively, of the vehicle being operated by Defendant, **WHITE**, upon the occasion made the basis of this suit.

4. Defendants **OPULENT LOGISTICS LLC.** and/ or "C" is the persons, firms, or corporations and/or fictitious Defendant responsible for the maintenance of the vehicle, which was being operated by Defendant, **WHITE**, on the occasion made the basis of this suit.

5. Defendants **OPULENT LOGISTICS LLC, and WHITE** and/ or "D" are the persons, firms, or corporations responsible and/or fictitious Defendant responsible for the inspection of the vehicle, which was being operated by Defendant, **WHITE**, on the occasion made the basis of this suit.

6. Defendants **OPULENT LOGISTICS, LLC** and/ or "E" are the persons, firms or corporations and/or the fictitious Defendant responsible for the state of repairs of the vehicle being operated by Defendant, **WHITE**, on the occasion made the basis of this suit.

7. Defendants **OPULENT LOGISTICS, LLC** and/ or "F" are the employers and the fictitious employer of **WHITE** on the occasion made the basis of this suit.

8. Defendants **OPULENT LOGISTICS, LLC and** "G" is Defendant and the Fictitious Defendant who are responsible for the supervision for Defendant, **WHITE**, on the occasion made the basis of this suit.

9. Defendants **OPULENT LOGISTICS, LLC and** "H" is the Defendant and the Fictitious Defendants who are responsible for the hiring of Defendant, **WHITE**, prior to the accident on the occasion made the basis of this suit.

10. Defendants **OPULENT LOGISTICS, LLC and** "I" is the Defendant and the Fictitious

Defendants who are responsible for the training of Defendant, **WHITE,** prior to the accident on the occasion made the basis of this suit.

11. Defendants **OPULENT LOGISTICS, LLC** and "J" is the Defendant and the fictitious Defendant who negligently and/or wantonly entrusted the vehicle owned by Defendant **OPULENT LOGISTICS, LLC.**, Defendant "A" and/or "F" or other Fictitious Defendants at the time of the accident on the occasion made the basis of this suit.

12. Defendants **OPULENT LOGISTICS, LLC and** "K" is the Defendant and fictitious Defendant who negligently and/or wantonly retained Defendant, **WHITE,** and/or Defendant "B" as an employee to operate the vehicle owned by Defendant **OPULENT LOGISTICS, LLC,** Defendant "A" and/or "F" or other fictitious Defendants at the time of the accident on the occasion made the basis of this suit.

13. Defendants **OPULENT LOGISTICS, LLC and** "L" are the Defendants and fictitious Defendant who negligently and/or wantonly violated the FMCSR's and/or the Alabama DOT Regulations, as well as Defendants, **WHITE** and/or **OPULENT LOGISTICS, LLC,** which lead to and/or contributed to the cause of the accident which is the basis of the above styled cause.

14. On or about the **12th day of June, 2015** at approximately **1:05 p.m.**, North Ripley Street in the City of Montgomery, Montgomery County, Alabama, was a public roadway, running in a generally north to south direction with lanes for traffic traveling north and lanes for traffic traveling south.

15. On the **12th day of June, 2015,** Plaintiff, **MANAGAN,** was traveling southbound on North Ripley Street attempting to turn right onto Madison Avenue. Defendant, **WHITE,** and/or Defendant "B" was operating Defendant, **OPULENT LOGISTICS, LLC,** and/or Defendant

"A", tractor trailer, was also traveling southbound on North Ripley Street, in Montgomery County, Alabama.

16. Plaintiff alleges that the vehicle driven by Defendant, **WHITE** and owned by Defendant **OPULENT LOGISTICS, LLC,** Defendant "A" and/or "F"'s, failed to maintain a proper lane and hit the vehicle **DARLENE PETTIS MANAGAN** occupied.

17. Plaintiff alleges that Defendant, **WHITE,** and/or Defendant "B" drove Defendant **OPULENT LOGISTICS, LLC's,** Defendant "A" and/or "F"'s vehicle in a manner that resulted in the accident with Plaintiff **MANAGAN**.

18. At the date and time stated above, Defendant, **WHITE,** was negligent and/or wanton in causing the accident with Plaintiff, **MANAGAN**.

19. At the date and time stated above, as Defendant, **WHITE,** and/or Defendant "B" drove Defendant **OPULENT LOGISTICS, LLC,** Defendant "A" and/or "F"'s, vehicle in such a manner as to cause the accident with Plaintiff, **MANAGAN**, no objects or obstacles whether fixed or moving existed between the vehicle operated by Defendant, **WHITE,** and/or Defendant "B" that could have or that did prevent Defendant, **WHITE,** and/or Defendant "B" from seeing the Plaintiff, **MANAGAN**.

20. The negligent and/or wanton acts and omissions of the Defendant, **WHITE,** and/or Defendant "B", would state they include but, are not limited to, the following:

  A. Failure to control the vehicle owned by Defendant, **OPULENT LOGISTICS, LLC.,** Defendant "A" and/or "F" in such a manner as to prevent a collision with the vehicle which Plaintiff, **MANAGAN**, was driving;

B. Failure to show due and proper regard for the safety of other persons on the highway, including the Plaintiff;

C. Failure to keep a proper lookout so as to avoid a collision with the Plaintiff,

D. Failure to follow the FMCSR's and/or Alabama DOT regulations so as to properly insure the safety of other individuals utilizing the Alabama public highways and roadways.

E. Failure to insure his vehicle was in proper working order prior to commencing his trip for Defendant **OPULENT LOGISTICS, LLC.**, Defendant "A" and/or "F".;

F. Failure to properly follow applicable rules of the road to insure the safety of the motoring public;

21. The negligence and/or wantonness of Defendant, **WHITE**, and/or Defendant "B" were the proximate cause of the injuries sustained by the Plaintiff, **MANAGAN**. She received injuries to her entire person. Plaintiff, **MANAGAN** was caused to incur medical bills, physician expenses, pain and suffering and emotional distress, loss of income, loss of enjoyment in social activities and life in general. Plaintiff, **MANAGAN**, may also incur future medical bills, physician expenses, possible future loss of income, pain and suffering and emotional distress.

WHEREFORE, Plaintiff, **MANAGAN**, demands judgment against the Defendant, **WHITE**, and/or Defendant "B" in compensatory and punitive damages which the jury believes would be fair and just together with the costs of this action.

## COUNT II

22. Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-one (21) into paragraph twenty-two (22) of this complaint.

23. Plaintiff re-alleges all of the allegations of paragraphs fifteen (15) through twenty-two (22) against Defendant **OPULENT LOGISTICS, LLC,** and/ or "**A**" the owner and Defendant **WHITE** and/ or "**B**" who was the operator of the vehicle which struck Plaintiff, **MANAGAN**.

## COUNT III

24. Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-three (23) into paragraph twenty-four (24) of this complaint.

25. Prior to the collision alleged in Count I, Defendant, **OPULENT LOGISTICS, LLC,** and/or Defendants "**A**" and/or "**C**" negligently and/or wantonly maintained the vehicle driven by Defendant, **WHITE**, and/or Defendant "**B**" and owned by Defendant, **OPULENT LOGISTICS, LLC,** and/or Defendant "**A**" in a negligent and/or wanton manner at the time of the collision with Plaintiff, **MANAGAN**.

## COUNT IV

26. Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-five (25) into paragraph twenty-six (26) of this complaint.

27. Prior to the collision alleged in Count I, Defendant, **OPULENT LOGISTICS, LLC.,** and/or Defendants "**A**" and/or "**D**" negligently and/or wantonly inspected the vehicle driven by Defendant, **WHITE**, and/or Defendant "**B**" and owned by Defendant **OPULENT LOGISTICS, LLC.,** and/or by Defendant "**A**", at the time of the collision with the Plaintiff, **MANAGAN**.

## COUNT V

28.   Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-seven (27) into paragraph twenty-eight (28) of this complaint.

29.   Prior to the collision alleged in Count I, Defendant, **OPULENT LOGISTICS, LLC**, and/or Defendants "A" and/or "E" negligently and/or wantonly repaired the vehicle driven by Defendant, **WHITE**, and/or Defendant "**B**" and owned by Defendant, **OPULENT LOGISTICS, LLC.**, and/or Defendant "A" at the time of the collision with the Plaintiff, **MANAGAN**.

## COUNT VI

30.   Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-nine (29) into paragraph thirty (30) of this complaint.

31.   Prior to the collision alleged in Count I, Defendant, **WHITE**, and/or Defendant "B" was acting as an agent and employee of Defendant, **OPULENT LOGISTICS, LLC**, and/or Defendants "A" and/or "F" within the line and scope of his authority for Defendant, **OPULENT LOGISTICS, LLC**, and/or Defendants "A" and/or "F".

## COUNT VII

32.   Plaintiff incorporates by reference the allegations of paragraphs one (1) through thirty-one (31) into paragraph thirty-two (32) of this complaint.

33.   Prior to the collision alleged in Count I, Defendant, **OPULENT LOGISTICS, LLC.**, and/or Defendants "A" and/or "G" negligently and/or wantonly supervised Defendant, **WHITE**, and/or Defendant "B" as an employee driver for Defendant, **OPULENT LOGISTICS, LLC.**, and/or

Defendant "A" during the period of time Defendant, **WHITE**, and/or Defendant "B" worked for and/or drove a vehicle for Defendant, **OPULENT LOGISTICS, LLC.**, and/or Defendant "A".

34. The negligence and/or wantonness of Defendant, **OPULENT LOGISTICS, LLC.**, and/or Defendants "A" and/or "G" combined and concurred with others; and as a proximate cause of the concurrent and combined negligence and/or wantonness, the Plaintiff received the injuries previously stated in this complaint.

## COUNT VIII

35. Plaintiff incorporates by reference the allegations of paragraphs one (1) through thirty-four (34) into paragraph thirty-five (35) of this complaint.

36. Prior to the collision alleged in Count I, Defendant, **OPULENT LOGISTICS, LLC.**, and/or Defendants "A" and/or "H" negligently and/or wantonly hired Defendant **WHITE**, and/or Defendant "B" as an employee driver for Defendant, **OPULENT LOGISTICS, LLC.**, and/or Defendant "A".

37. The negligence and/or wantonness of Defendant, **OPULENT LOGISTICS, LLC.**, and/or Defendants "A" and/or "H" combined and concurred with others; and as a proximate cause of the concurrent and combined negligence and/or wantonness, the Plaintiff received the injuries previously stated in this complaint.

## COUNT IX

38. Plaintiff incorporates by reference the allegations of paragraphs one (1) through thirty-seven (37) into paragraph thirty-eight (38) of this complaint.

39. Prior to the collision alleged in Count I, Defendant, **OPULENT LOGISTICS, LLC.**,

and/or Defendants "A" and/or "I" negligently and/or wantonly trained Defendant, **WHITE,** and/or Defendant "B" as an employee driver for Defendant, **OPULENT LOGISTICS, LLC.,** and/or Defendant "A" prior to allowing Defendant, **WHITE,** and/or Defendant "B" to drive and/or work for Defendant, **OPULENT LOGISTICS, LLC.**.

40. The negligence and/or wantonness of Defendants, **OPULENT LOGISTICS, LLC.,** and/or Defendants "A" and/or "I" combined and concurred with others; and as a proximate cause of the concurrent and combined negligence and/or wantonness, the Plaintiff received the injuries previously stated in this complaint.

## COUNT X

41. Plaintiff incorporates by reference the allegations of paragraphs one (1) through forty (40) into paragraph forty-one (41) of this complaint.

42. Prior to the collision alleged in Count I, Defendant, **OPULENT LOGISTICS, LLC.,** and/or Defendants "A" and/or "J" negligently and/or wantonly entrusted to Defendant, **WHITE** and/or to Defendant "B" the vehicle owned by Defendant, **OPULENT LOGISTICS, LLC.,** and/or Defendant "A" which struck the Plaintiff, **MANAGAN.**

## COUNT XI

43. Plaintiff incorporates by reference the allegations of paragraphs one (1) through forty-two (42) into paragraph forty-three (43) of this complaint.

44. Prior to the collision alleged in Count I, Defendant, **OPULENT LOGISTICS, LLC.** and/or Defendants "A" and/or "K" negligently and/or wantonly retained Defendant, **WHITE,** and/or Defendant "B" as an employee to operate the vehicle owned by Defendant, **OPULENT**

**LOGISTICS, LLC.**, and/or Defendant "A" which struck the vehicle which was being operated and occupied by Plaintiff, **MANAGAN**.

### COUNT XII

45. Your Plaintiff incorporates paragraphs one (1) through forty-four (44) of his complaint into paragraph forty-five (45) of this complaint.

46. On or about the **12th day of June, 2015** and prior to that date the named Defendants and/or Defendant "L" negligently and/or wantonly violated various Federal Motor Carrier Safety Regulations and/or Alabama Department of Transportation Regulations applicable to the hiring, training and supervision of **WHITE** as a commercial truck driver.

47. The Defendants' negligent and/or wanton violation of the Federal Motor Carrier Safety Regulations on the part of the Defendants was the proximate cause of the injuries sustained by the Plaintiff. Plaintiff, **MANAGAN**, received injuries to her entire person. Plaintiff, **MANAGAN**, was caused to incur medical bills, physician expenses, pain and suffering, emotional distress, possible loss of income, loss of enjoyment in social activities, possible permanent physical impairment to her person, possible permanent vocational disability and loss of enjoyment of life in general. Plaintiff, **MANAGAN**, will also incur future medical bills, physician expenses, pain and suffering, emotional distress and future loss of income.

48. Plaintiff, **MANAGAN,** claims compensatory and punitive damages of all Defendants due to their said negligent and/or wanton conduct as set forth in the complaint.

WHEREFORE, Plaintiff, **DARLENE PETTIS MANAGAN**, demands judgment against the Defendants **CARVER ANDREA WHITE and OPULENT LOGISTICS, LLC.;** "A", "B", "C",

"D", "E", "F", "G", "H", "I", "J", "K" and "L", in a sum of punitive and compensatory damages which a jury would feel is just and fair together with the costs of his action.

                                                        *s/ Darren W. Kies* [KIE004]
                                                        Darren W. Kies
                                                        Attorney for Plaintiff

**OF COUNSEL:**
**Floyd, Hunter, Kies & White, P.C.**
4761 Main Street
Millbrook, Alabama 36054
Telephone: (334) 285-4488
Facsimile: (334) 285-4552
Email: dkies@floydhunter.com

SERVE DEFENDANT BY CERTIFED MAIL AT:

CARVER ANDREA WHITE
214 Murdock Road
Holly Springs, MS 38635

OPULENT LOGISTICS, LLC.
c/o CARVER A. WHITE, SR. AGENT OF SERVICE
214 Murdock Road
Holly Springs, MS 38635